UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EDWIN PRESTON,                      )
                                    )
            Petitioner,             )
     v.                             )   Civil Action No. 10-0069 (PLF)
                                    )
U.S. PAROLE COMMISSION,             )
                                    )
            Respondent.             )
_____)

MEMORANDUM OPINION AND ORDER

Edwin Preston, who is proceeding *pro se*, filed a petition for a writ of *habeas corpus* seeking to change the length of his criminal sentence. Petitioner currently is under parole supervision in the District of Maryland. See Petition for *Habeas Corpus* at 1; Motion to Transfer ("Mot.") at 1. See also Mot., Ex. A (Letter from District of Maryland Probation & Pretrial Services Office). Respondents have moved to transfer the petition to the United States District Court for the District of Maryland.

Section 2243 of Title 28 of the United States Code states that a petition for *habeas corpus* shall be directed to the person "having custody of the person detained." 28 U.S.C. § 2243; see also Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988); United States v. Ingram, Criminal No. 98-0173, 2006 U.S. Dist. LEXIS 44391 at *2 (D.D.C. June 29, 2006) ("It is established that writs of *habeas corpus* must be directed to the [petitioner's] custodian."). Although petitioner currently is on parole, he is still considered to be "in custody" for the purpose of the *habeas corpus* statute. See Jones v. Cunningham, 371 U.S. 236, 243 (1963). Normally, the custodian is the person "having a day-to-day control over the prisoner." Guerra v.

Meese, 786 F.2d 414, 416 (D.C. Cir. 1986). In the case of a parolee, that person is the parolee's parole officer. See Matthews v. Meese, 644 F. Supp. 380, 381 (D.D.C. 1986). Jurisdiction over petitioner's *habeas corpus* petition therefore likely is in the Untied States District Court in the District of Maryland, where petitioner is under parole supervision.

In Chatman-Bey, however, the court of appeals stated that a district court should give notice of an anticipated transfer of a *habeas* proceeding and an opportunity for the petitioner to set forth why the case could properly be heard in the jurisdiction in which the petition originally was filed. See Chatman-Bey v. Thornburgh, 864 F.2d at 814 (prior to transfer, the court should provide a *habeas* petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction"). Petitioner has responded to the motion to transfer, but none of his arguments supports finding jurisdiction in the District of Columbia. If petitioner believes there is a basis for jurisdiction in this Court, other than for the reasons presented in his opposition to respondent's motion, the Court will, of course, consider his arguments. Accordingly, it is hereby

ORDERED that petitioner may file a supplemental response to the government's Motion to Transfer on or before May 21, 2010. If the petitioner does not respond within that time, the Court will treat the matter as conceded, and transfer the petition to the United States District Court for the District of Maryland, the district in which the petitioner is under parole supervision.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 21, 2010